1  J. Andrew Coombs (SBN 123881)
   andy@coombspc.com
2  Nicole L. Drey (SBN 250235)
   nicole@coombspc.com
3  J. Andrew Coombs, A Prof. Corp.
   517 East Wilson Avenue, Suite 202
4  Glendale, California 91206
   Telephone:  (818) 500-3200
5  Facsimile:  (818) 502-3201

6  Attorneys for Plaintiffs
   Warner Bros. Entertainment Inc. and
7  Disney Enterprises, Inc.

8

                    UNITED STATES DISTRICT COURT
9
                    CENTRAL DISTRICT OF CALIFORNIA
10

11  Warner Bros. Entertainment Inc., Disney   )  Case No.:  CV11 - 06019 SVW (FMOx)
    Enterprises, Inc., and The Muppets        )
12  Studio, LLC,                              )  COMPLAINT FOR COPYRIGHT
                                              )  INFRINGEMENT; TRADEMARK
13                      Plaintiffs,           )  INFRINGEMENT; UNFAIR
                                              )  COMPETITION; TRADEMARK
14       v.                                   )  DILUTION; DECLARATORY
                                              )  RELIEF
15  Danny Garcia; Albert Martinez, an         )
    individual and d/b/a Remember Me DVD      )  DEMAND FOR A JURY TRIAL
16  and www.rememberme-dvd.com and            )
    Does 1 through 10, inclusive,             )
17                                            )
                        Defendants.           )
18
         Plaintiffs Warner Bros. Entertainment Inc. ("Warner Bros."), Disney
19
    Enterprises, Inc. ("Disney"), and The Muppets Studio, LLC ("Muppets")
20
    (collectively "Plaintiffs") for their Complaint allege as follows:
21
               **Allegations Common to All Claims for Relief**
22
    **A.    Jurisdiction and Venue**
23
    1.      The claims for trademark infringement, unfair competition and
24
    trademark dilution under the Lanham Trademark Act, as amended, 15 U.S.C., §
25
    1051, *et seq.*, allege the unauthorized use in interstate commerce of famous and
26
    distinctive marks, false designations of origin and trademark dilution.  The Court has
27
    jurisdiction over the subject matter of these claims pursuant to 15 U.S.C. § 1121 and
28

1    28 U.S.C. § 1331 and § 1338. The cause of action for copyright infringement arises

2    pursuant to 17 U.S.C. § 101, *et seq.* The Court has jurisdiction over the subject

3    matter pursuant to 28 U.S.C. § 1331 and § 1338(a).   The remaining causes of action

4    for unfair competition and trademark dilution under California state law arise under

5    the laws of the State of California.  The Court has jurisdiction over these substantial

6    and related claims pursuant to 28 U.S.C. § 1338(b) and § 1367.

7        2.    Venue in the Central District of California is proper pursuant to 28

8    U.S.C. § 1391(b), § 1392 and § 1400(a).

9    **B.**    **Introduction**

10       3.    Plaintiffs produce, distribute and/or own various creative works,

11   including, but not limited to, motion pictures and television shows (the "Warner

12   Bros. Works," the "Disney Works," and the "Muppets Works") (collectively the

13   "Plaintiffs' Works") that are entitled to copyright protection and which feature certain

14   trademarks used to identify Plaintiffs, respectively, in commerce (the "Warner Bros.

15   Trademarks," the "Disney Trademarks," and the "Muppets Trademarks")

16   (collectively the "Plaintiffs' Trademarks"). Defendants, through various brick-and-

17   mortar and online venues, such as www.rememberme-dvd.com (the "Website"),

18   manufacture, distribute, promote, offer for sale and sell unauthorized copies of the

19   Plaintiffs' Works featuring the Plaintiffs' Trademarks (the "Unauthorized Media

20   Product"). Plaintiffs are informed and believe and based thereon allege that this

21   infringement activity is systematic and willful. Plaintiffs ask that this Court enjoin

22   that activity and order Defendants to pay damages to Plaintiffs.

23   **C.**    **Plaintiffs**

24       4.    Warner Bros. is a corporation duly organized and existing under the

25   laws of the State of Delaware, having its principal place of business in Burbank,

26   California.

27

28

5.      Warner Bros. and certain of its affiliated companies are engaged in a variety of businesses including, without limitation, the production and distribution of motion pictures and television programs.

6.      Warner Bros. owns exclusive rights under the Copyright Act to the Warner Bros. Works, including the rights to reproduce, distribute or license the reproduction and distribution of the motion pictures in video format in the United States, including, but not limited to, those copyrights that are the subject of the following copyright registrations, which are attached hereto as Exhibit "A". Video format includes video cassettes, video laser discs, digital versatile discs ("DVDs"), video compact discs ("VCDs") and Blu-ray discs.

7.      Warner Bros. also owns all rights, title, and interest in and to, and holds the exclusive rights to market and sell merchandise, including, but not limited to, DVDs, bearing the Warner Bros. Trademarks.  Warner Bros. has adopted one or more of the Warner Bros. Trademarks for diverse articles and registered its trademarks with the U.S. Patent and Trademark Office.  Some of those trademarks have been used continuously for several decades.  Each year Warner Bros. spends millions of dollars to develop and maintain the considerable goodwill it enjoys in its trademarks and in its reputation for high quality.  Some, but not all, of the Warner Bros. Trademarks are attached hereto as Exhibit "B."

8.      Disney is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in Burbank, California.

9.      Disney and certain of its affiliated companies are engaged in a variety of businesses including, without limitation, the production and distribution of motion pictures and television programs.

10.     Disney owns exclusive rights under the Copyright Act to the Disney Works, including the rights to reproduce, distribute or license the reproduction and distribution of the motion pictures in video format in the United States, including, but not limited to those copyrights that are the subject of the following copyright

1 │ registrations, which are attached hereto as Exhibit "C." Video format includes

2 │ video cassettes, video laser discs, DVDs, VCDs and Blu-ray discs.

3 │     11.    Disney also owns all rights, title, and interest in and to, and holds the

4 │ exclusive rights to market and sell merchandise, including, but not limited to,

5 │ DVDs, bearing the Disney Trademarks. Disney has adopted one or more of the

6 │ Disney Trademarks for diverse articles and registered its trademarks with the U.S.

7 │ Patent and Trademark Office. Some of those trademarks have been used

8 │ continuously for several decades. Each year Disney spends millions of dollars to

9 │ develop and maintain the considerable goodwill it enjoys in its Trademarks and in

10 │ its reputation for high quality. Some, but not all, of the Disney Trademarks are

11 │ attached hereto as Exhibit "D."

12 │     12.    Muppets is a corporation duly organized and existing under the laws

13 │ of the State of Delaware, having its principal place of business in Burbank,

14 │ California.

15 │     13.    Muppets and certain of its affiliated companies are engaged in a variety

16 │ of businesses including, without limitation, the production and distribution of motion

17 │ pictures and television programs.

18 │     14.    Muppets owns exclusive rights under the Copyright Act to the

19 │ Muppets Works, including the rights to reproduce, distribute or license the

20 │ reproduction and distribution of the motion pictures in video format in the United

21 │ States, including, but not limited to those copyrights that are the subject of the

22 │ following copyright registrations, which are attached hereto as Exhibit "E." Video

23 │ format includes video cassettes, video laser discs, DVDs, VCDs and Blu-ray discs.

24 │     15.    Muppets also owns all rights, title, and interest in and to, and holds the

25 │ exclusive rights to market and sell merchandise, including, but not limited to,

26 │ DVDs, bearing the Muppets Trademarks. Muppets has adopted one or more of the

27 │ Muppets Trademarks for diverse articles and registered its trademarks with the U.S.

28 │ Patent and Trademark Office. Some of those trademarks have been used

continuously for several decades. Each year Muppets spends millions of dollars to develop and maintain the considerable goodwill it enjoys in its Trademarks and in its reputation for high quality. Some, but not all, of the Muppets Trademarks are attached hereto as Exhibit "F."

16.   The expression and other distinctive features of the Plaintiffs' Works are wholly original with Plaintiffs, their licensors and/or assignors and, as fixed in various tangible media, are copyrightable subject matter under the Copyright Act.

17.   Plaintiffs, or any predecessor-in-interest, have complied in all respects with the laws governing copyright and have secured the exclusive rights and privileges in and to the Plaintiffs' Works, and Plaintiffs hold certificates of registration and/or secured exclusive licenses or assignments to reproduce, distribute and license the Plaintiffs' Works throughout the United States.

18.   The Plaintiffs' Works have been manufactured, sold and/or otherwise distributed in conformity with the provisions of the copyright laws. Plaintiffs and those acting under their authority have complied with their obligations under the copyright laws and Plaintiffs, in their own right or as successor-in-interest, have at all times been and still are the sole proprietors or otherwise authorized to enforce all right, title and interest in and to the copyrights or to enforce their exclusive rights for home video distribution in each of the Plaintiffs' Works.

19.   The Plaintiffs' Trademarks are all valid, extant and in full force and effect.   The Plaintiffs' Trademarks are all exclusively owned by Plaintiffs. Plaintiffs have continuously used each of the Plaintiffs' Trademarks from the registration date, or earlier, until the present time and at all times relevant to the claims alleged in this Complaint.

20.   As a result of advertising and sales, together with longstanding consumer acceptance, the Plaintiffs' Trademarks identify Plaintiffs' products and authorized sales of these products. The Plaintiffs' Trademarks have each acquired secondary meaning in the minds of consumers throughout the United States and

1   the world.  (Plaintiffs' Works and Plaintiffs' Trademarks are hereinafter referred

2   to collectively as "Plaintiffs' Properties.")

3   **D.   Defendants**

4       21.   Defendant Danny Garcia ("Garcia") is an individual.  Plaintiffs are

5   informed and believe that Garcia is a resident of the County of Los Angeles, in the

6   State of California.  Plaintiffs are further informed and believe, and upon that basis

7   allege, that Garcia does business as a vendor at the Frank & Son Collectible Show,

8   located in the City of Industry, in the State of California.  Garcia does business in

9   this judicial district through offers and sales of the Unauthorized Media Product in

10   the City and County of Los Angeles, among other places.

11       22.   Defendant Albert Martinez, an individual and doing business as

12   Remember Me DVD and www.rememberme-dvd.com ("Martinez").  Plaintiffs are

13   informed and believe that Martinez is a resident of Whittier, in the State of

14   California.  Plaintiffs are further informed and believe, and upon that basis allege,

15   that Martinez transacts business as www.rememberme-dvd.com and Remember Me

16   DVD, and also does business as a vendor at the Frank & Son Collectible Show,

17   located in the City of Industry, in the State of California.  Martinez does business in

18   this judicial district through offers and sales of the Unauthorized Media Product in

19   the City and County of Los Angeles, among other places.

20       23.   Upon information and belief, Does 1 - 10 are either entities or

21   individuals who are residents of or present in this judicial district, and are subject to

22   the jurisdiction of the Court.  Upon information and belief, Does 1 – 10 are principals,

23   supervisory employees, or suppliers of one or the other named defendants or other

24   entities or individuals who are, in this judicial district, manufacturing, distributing,

25   selling and/or offering for sale merchandise which infringes the Plaintiffs' Works.

26   The identities of the various Does are unknown to Plaintiffs at this time.  The

27   Complaint will be amended to include the names of such individuals when identified.

28   Garcia, Martinez and Does 1 – 10 are collectively referred to herein as "Defendants."

### E.   Defendants' Infringing Activities

24.   Defendants have copied, manufactured, reproduced, distributed, advertised and/or sold and continue to copy, manufacture, reproduce, distribute, advertise and/or sell unauthorized copies of motion pictures owned by Plaintiffs, including, but not necessarily limited to, the Plaintiffs' Works identified in paragraphs 6 and 10, above, and Exhibits A and C, attached hereto. Defendants' unauthorized product depicts substantially or confusingly similar likeness of Plaintiffs' Trademarks, identified in paragraphs 7 and 11, above, and Exhibits B and D, attached hereto. Defendants do so using the Website as well as through retail booths at the Frank & Son Collectible Show. The copies sold by Defendants are obviously counterfeit. The packaging fails to conform with packaging characteristics of Plaintiffs' home video product, and the discs do not contain the file structure characteristics of legitimate product.

25.   Defendants have not been authorized by Plaintiffs to copy, manufacture, reproduce, distribute, advertise, sell or offer for sale any of the Plaintiffs' Works or any product featuring the Plaintiffs' Trademarks.

26.   By engaging in this conduct, Defendants have acted in willful disregard of laws protecting the Plaintiffs' goodwill and related intellectual and proprietary rights. Defendants have confused and deceived, or threaten to confuse and deceive, the consuming public concerning the source and sponsorship of the products. By their wrongful conduct, Defendants have traded upon and diminished Plaintiffs' goodwill. Plaintiffs have sustained and will continue to sustain substantial damage to the value of their creative works, specifically including the Plaintiffs' Works and Plaintiffs' Trademarks.

### FIRST CLAIM FOR RELIEF

#### (For Copyright Infringement)

27.   Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 26, inclusive, as though set forth herein in full.

28.     Plaintiffs are informed and believe, and upon that basis allege, that the Defendants have each obtained gains, profits and advantages as a result of their infringing acts in amounts within the jurisdiction of the Court.

29.     Plaintiffs are informed and believe, and upon that basis allege, that they have suffered and continue to suffer direct and actual damages as a result of Defendants' infringing conduct as alleged herein, in amounts within the jurisdiction of this Court. In order to determine the full extent of such damages, including such profits as may be recoverable under 17 U.S.C. § 504, Plaintiffs will require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the Unauthorized Media Product as alleged herein. In the alternative, Plaintiffs may elect to recover, for each of their respective copyrighted works infringed, statutory damages pursuant to 17 U.S.C. § 504(c).

30.     Plaintiffs have no other adequate remedy at law and have suffered and continue to suffer irreparable harm and damage as a result of the above-described acts. Plaintiffs are informed and believe, and upon that basis allege, that, unless enjoined by the Court, the unlawful infringement by Defendants of the Plaintiffs' Works will continue with irreparable harm and damage to Plaintiffs. Accordingly, Plaintiffs seek and request preliminary and permanent injunctive relief pursuant to 17 U.S.C § 502.

31.     By reason of the foregoing, Plaintiffs have incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of its claims herein, which attorneys' fees and costs Plaintiffs are entitled to recover from the Defendants, and each of them, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

### (For Trademark Infringement)

32.     Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 31, inclusive, as though set forth herein in full.

33.     Defendants' manufacture, importation, advertisement, display, promotion, marketing, distribution, sale and/or offer for sale of the Unauthorized Media Product is likely to cause confusion or to cause mistake or to deceive the relevant public and trade regarding the affiliation, sponsorship, endorsement or approval of the Unauthorized Media Product by Plaintiffs.  Such confusion, mistake and deception is aggravated by the confusing similarity between Plaintiffs' Trademarks and the use of substantially identical likenesses on the Unauthorized Media Product in the same type of goods made, imported and sold by or under authority of Plaintiffs.

34.     Plaintiffs are informed and believe and, upon that basis allege, that Defendants, and each of them, acted with knowledge of the federally registered trademarks alleged herein and of the valuable goodwill Plaintiffs enjoy in connection therewith, with intent to confuse, mislead and deceive the public into believing that the Unauthorized Media Product was made, imported and sold by Plaintiffs, or are in some other manner, approved or endorsed by Plaintiffs.

35.     Plaintiffs have suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts of trademark infringement in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. § 1117.  In order to determine the full extent of such damages, including such profits as may be recoverable under 15 U.S.C. § 1117, Plaintiffs will require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the Unauthorized Media Product as alleged herein.  In the alternative, Plaintiffs may elect to recover statutory damages pursuant to 15 U.S.C. § 1117(c).

36.     Plaintiffs have no other adequate remedy at law and have suffered and continue to suffer irreparable harm and damage as a result of the above-described acts of infringement.  Plaintiffs are informed and believe, and upon that basis allege, that, unless enjoined by the Court, the unlawful infringement will continue with

1  irreparable harm and damage to Plaintiffs.  Accordingly, Plaintiffs seek and request

2  preliminary and permanent injunctive relief pursuant to 15 U.S.C § 1116.

3      37.    By reason of the foregoing, Plaintiffs have incurred and will continue to

4  incur attorneys' fees and other costs in connection with the prosecution of its claims

5  herein, which attorneys' fees and costs Plaintiffs are entitled to recover from

6  Defendants, and each of them, pursuant to 15 U.S.C. § 1117(c).

7  ### THIRD CLAIM FOR RELIEF

8  ### (For Unfair Competition)

9      38.    Plaintiffs repeat and reallege all of the allegations contained in

10  paragraphs 1 through 37, inclusive, as though set forth herein in full.

11      39.    Plaintiffs own all rights, title and interest in and to the trademarks, trade

12  names, service marks, artwork, characters and other distinctive elements for and

13  incorporating Plaintiffs' Properties.

14      40.    Plaintiffs' Properties have each acquired a secondary and distinctive

15  meaning among the public, which has come to identify Plaintiffs' Properties, and

16  each of them, through various media, including films, books, television, theme parks,

17  magazines and other sources, and through the distribution and sale of authorized

18  merchandise, and the distinctive features of each of, as designating products

19  associated with Plaintiffs.  As a result of the extensive advertising, media exposure,

20  sales and public recognition of Plaintiffs' Properties, combined with the positive

21  experiences of the public in its relationship with Plaintiffs, Plaintiffs' Properties are

22  each symbolic of Plaintiffs and representative of the image which the public has of

23  Plaintiffs.

24      41.    Plaintiffs are informed and believe, and upon that basis allege, that

25  Defendants, and each of them, have, without permission, authority or license from

26  Plaintiffs, or their licensees, affixed, applied and/or used in connection with the

27  manufacture, importation, advertisement, display, promotion, marketing,

28  distribution, sale and/or offer for sale, false descriptions and representations

including words or other symbols which tend falsely to describe or represent such goods as Plaintiffs' and/or affiliated with Plaintiffs, and have caused the entry of such goods into interstate commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiffs. Defendants, and each of them, by misappropriating and using one or more of the Plaintiffs' Properties, have misrepresented and falsely described to the general public the origin, source, association, affiliation or sponsorship of their goods so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of said goods.

42.   Plaintiffs are informed and believe, and upon that basis alleges, that the Unauthorized Media Product being manufactured, imported, advertised, marketed, displayed, distributed, sold and/or offered for sale by Defendants, and each of them, are of inferior quality and that the sale and/or offer for sale thereof will be damaging to and dilute the goodwill and reputation of Plaintiffs, respectively.

43.   Defendants' acts and conduct, as alleged herein, including, without limitation, the Defendants' duplication and imitation of the Plaintiffs' Properties, are business practices likely to deceive or confuse the purchasing public and trade upon Plaintiffs' reputations, both as to the source, origin, sponsorship and approval of the goods provided and as to the affiliation, connection or association of Defendants, and each of them, with Plaintiffs and constitute acts of unfair competition, false designation of origin and false representation of affiliation, all in violation of 15 U.S.C. § 1125 (a). Plaintiffs are informed and believe, and upon that basis allege, that each of Defendants' respective acts of reputation appropriation and unfair competition was willful.

44.   Plaintiffs have no adequate remedy at law and have suffered and continue to suffer irreparable harm and damage as a result of Defendants' respective acts of unfair competition in amounts thus far not determined but within the

1  jurisdiction of this Court, which amounts should each be trebled pursuant to 15

2  U.S.C. § 1117.

3      45.    Plaintiffs are informed and believe, and upon that basis allege, that

4  unless enjoined by the Court the confusion and deception alleged above and the

5  likelihood thereof will continue with irreparable harm and damage to Plaintiffs.

6  Accordingly, Plaintiffs seek and request preliminary and permanent injunctive relief

7  pursuant to 15 U.S.C. § 1116.

8      46.    Plaintiffs are informed and believe, and upon that basis allege, that

9  Defendants have each obtained gains, profits and advantages as a result of their

10  wrongful acts of unfair competition in amounts not thus far determined but within

11  the jurisdiction of this Court, which amounts should each be trebled, pursuant to 15

12  U.S.C. § 1117.

13      47.    In order to determine the full extent of such damages, including such

14  profits as may be recoverable; Plaintiffs require an accounting from each Defendant

15  of all monies generated from the manufacture, importation, distribution and/or sale

16  of the Unauthorized Media Product.

17      48.    By reason of the foregoing, Plaintiffs have incurred and will continue to

18  incur attorneys' fees and other costs in connection with the prosecution of their

19  claims herein, which attorneys' fees and costs Plaintiffs are entitled to recover from

20  the Defendants, and each of them, pursuant to 15 U.S.C. § 1117.

21              **FOURTH CLAIM FOR RELIEF**

22                **(For Trademark Dilution)**

23      49.    Plaintiffs repeat and reallege all of the allegations contained in

24  paragraphs 1 through 48, inclusive, as though set forth in full herein.

25      50.    The extensive advertising, media exposure, sales and public recognition

26  of Plaintiffs' Trademarks, combined with the positive experiences of the public in its

27  relationships with Plaintiffs, have made Plaintiffs' Trademarks each famous and

28

distinctive marks that are symbolic of Plaintiffs and representative of the image the public has of Plaintiffs, respectively.

51.    Plaintiffs' Trademarks are extraordinarily famous and well known throughout the United States and elsewhere, having been used extensively by Plaintiffs. By reason of Plaintiffs' extensive use of the Trademarks, each has become highly distinctive of Plaintiffs' goods and services and is uniquely and exclusively associated with Plaintiffs, respectively. Plaintiffs' Trademarks are famous marks within the purview of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

52.    Defendants' acts and conduct, as alleged herein, including Defendants' use of Plaintiffs' Trademarks on and in connection with the manufacture, importation, advertisement, display, distribution, sale and/or offer for sale of the Unauthorized Media Product are commercial business practices which trade on Plaintiffs' reputations and cause dilution of one or more of each of the famous, distinctive and pre-existing Trademarks, by lessening the capacity of these marks to exclusively identify and to distinguish Plaintiffs and their goods and services, and constitute dilution, all in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Plaintiffs are informed and believe, and upon that basis allege, that each of Defendants' acts of trademark dilution and reputational appropriation was willful and that each Defendants willfully intended to reap the benefit of Plaintiffs' goodwill, trade upon Plaintiffs' reputations and/or dilute the distinctiveness of one or more of Plaintiffs' famous and distinctive Trademarks.

53.    Plaintiffs are informed and believe, and upon that basis allege, that unless enjoined by the Court, Defendants' unlawful and unauthorized acts in violation of Section 43(c) of the Lanham Act will continue to case dilution of one or more of Plaintiffs' Trademarks with the corresponding irreparable harm and damage to Plaintiffs. Accordingly, Plaintiffs seek preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

54.     Plaintiffs have no adequate remedy at law and have suffered and continue to suffer irreparable harm and damage as a result of Defendants' acts of trademark dilution in amounts thus far not determined, but within the jurisdiction of this Court, which amounts should be trebled pursuant to 15 U.S.C. § 1116.

55.     Plaintiffs are informed and believe, and upon that basis allege, that Defendants have each obtained gains, profits and advantages as a result of their wrongful acts of trademark dilution in amounts thus far not determined but within the jurisdiction of this Court, which amounts should be trebled pursuant to 15 U.S.C. § 1117.

56.     In order to determine the full extent of such damages, including such profits as may be recoverable, Plaintiffs will require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the diluting items alleged herein.

57.     By reason of the foregoing, Plaintiffs have incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of their claims herein, which attorneys' fees and costs Plaintiffs are entitled to recover from Defendants, and each of them, pursuant to 15 U.S.C. § 1117.

## FIFTH CLAIM FOR RELIEF

### (For State Law Unfair Competition)

58.     Plaintiffs repeat and reallege all the allegations contained in paragraphs 1 though 57, inclusive, as though set forth herein in full.

59.     As alleged above, each of Plaintiffs' Properties has acquired secondary meaning indicative of origin, relationship, sponsorship and/or association with Plaintiffs, respectively.  The purchasing public is likely to attribute to Plaintiffs the use by Defendants and/or their customers, of one or more of Plaintiffs' Properties, as a source of origin, authorization and/or sponsorship for Defendants and/or their customers' goods and therefore to purchase such goods based upon that erroneous belief.

60.   Plaintiffs are informed and believe, and upon that basis allege, that Defendants, and each of them, have intentionally appropriated one or more of Plaintiffs' Properties with the intent of causing confusion, mistake and deception as to the source of their and/or their third party wholesale customers' goods and with the intent to palm off such goods as those of Plaintiffs and, as such, Defendants have each committed trademark infringement, misleading advertising and unfair competition, all in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et seq.*

61.   Plaintiffs have no adequate remedy at law and have suffered and continue to suffer irreparable harm and damage as a result of each of Defendants' acts in an amount thus far not determined but within the jurisdiction of this Court.

62.   Plaintiffs are informed and believe, and upon that basis allege, that unless enjoined by the Court, the confusion and deception alleged herein and the likelihood thereof will continue with irreparable harm and damage to Plaintiffs.

63.   Plaintiffs are informed and believe, and upon that basis allege, that Defendants have each unlawfully and wrongfully derived and will continue to derive income, gains, profits and advantages as a result of their wrongful acts of unfair competition, in amounts thus far not determined but within the jurisdiction of this Court.  Plaintiffs are informed and believe, and upon that basis allege, that they have lost and will continue to lose profits and goodwill as a result of Defendants' conduct.

64.   By reason of the foregoing acts of unfair competition, Plaintiffs are entitled to restitution from each Defendant of all income, gains, profits and advantages resulting from their wrongful conduct in amounts to be determined according to proof at trial.

65.   In order to determine the full extent of such damages, including such profits as may be recoverable, Disney will require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the Unauthorized Media Product.

66.     Plaintiffs are informed and believe, and upon that basis allege, that Defendants, and each of them, committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with intent to injure Plaintiffs in their business and with conscious disregard for Plaintiffs' rights, thereby justifying awards of punitive and exemplary damages against each Defendant in amounts sufficient to punish each Defendant and to set an example for others.

## SIXTH CLAIM FOR RELIEF

### (State Law Trademark Dilution)

67.     Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 66, inclusive, as though set forth herein in full.

68.     Plaintiffs have used Plaintiffs' Trademarks to identify themselves and their goods and services, respectively.  Defendants' use of Plaintiffs' Trademarks to identify themselves and their products has diluted and will continue to dilute the distinctive quality of Plaintiffs' Properties in violation of § 14245, *et seq.* of the California Business and Professions Code.

69.     Defendants' acts as alleged herein have damaged and will continue to irreparably damage Plaintiffs.  Plaintiffs have no adequate remedy at law for such wrongs and injuries.  The damage to Plaintiffs includes harm to their respective goodwill and reputations that money cannot adequately compensate.  Plaintiffs therefore are entitled to a preliminary and permanent injunction enjoining Defendants' commercial use of Plaintiffs' Properties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand:

A.     That Defendants, their agents, servants, employees, representatives, successor and assigns, and all persons, firms, corporations or other entities in active concert or participation with any of said Defendants, be immediately and permanently enjoined from:

1.    Directly or indirectly infringing Plaintiffs' Properties in any manner, including generally, but not limited to, manufacture, importation, distribution, advertising, selling and/or offering for sale any merchandise which infringes the said Plaintiffs' Properties, and, specifically:

2.    Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Unauthorized Media Product or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of Plaintiffs' Properties;

3.    Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of Plaintiffs' Properties;

4.    Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Plaintiffs, are sponsored, approved or licensed by Plaintiffs or are in some way affiliated with Plaintiffs;

5.    Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiffs;

6.    Otherwise competing unfairly with Plaintiffs in any manner;

7.    Destroying or otherwise disposing of

    a.    Merchandise falsely bearing Plaintiffs' Properties;

b.     Any other products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiffs' Properties;

c.     Any labels, packages, wrappers, containers or any other unauthorized promotion or advertising material item which reproduces, copies, counterfeits, imitates or bears any of Plaintiffs' Properties;

d.     Any molds, screens, patterns, plates, negatives or other elements used for making or manufacturing products bearing Plaintiffs' Properties;

e.     Any sales and supply or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and all other business records, believed to concern the manufacture, purchase, advertising, sale or offering for sale of the Unauthorized Media Product;

B.     That Plaintiffs and their designees are authorized to seize the following items which are in Defendants' possession, custody or control:

1.     All unauthorized products bearing Plaintiffs' Properties, or likenesses thereof;

2.     Any other unauthorized products which reproduce, copy, counterfeit, imitate or bear any of Plaintiffs' Properties or which picture, reproduce, copy or use the likeness of or bear a substantial similarity to Plaintiffs' Properties;

3.     Any labels, packages, wrappers, containers and any other unauthorized promotional or advertising material which reproduce, copy, counterfeit, imitate or bear any of Plaintiffs' Properties or which picture, reproduce, copy or use the likeness of or bear a substantial similarity to Plaintiffs' Properties;

4.     Any molds, screens, patterns, plates, negatives, machinery or equipment used for making or manufacturing the Unauthorized Media Product or unauthorized items which bear Plaintiffs' Properties or which bear a substantial similarity to any of Plaintiffs' Properties.

C.     That those Defendants infringing upon Plaintiffs' Properties be required to pay actual damages increased to the maximum extent permitted by law and/or statutory damages at Plaintiffs' election;

D.     That actual damages be trebled pursuant to 15 U.S.C. § 1117;

E.     That Defendants account for and pay over to Plaintiffs all damages sustained by Plaintiffs and profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that those profits be increased as provided by law;

F.     That Plaintiffs recover from Defendants their costs of this action and reasonable attorneys' fees; and

G.     That Plaintiffs have all other and further relief as the Court may deem just and proper under the circumstances.

Dated: July 20, 2011                    J. Andrew Coombs, A Professional Corp.

By: _Nicole L Drey_____
         J. Andrew Coombs
         Nicole L. Drey
Attorneys for Plaintiffs Warner Bros.
Entertainment Inc., Disney Enterprises, Inc.
and The Muppets Studio, LLC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs Warner Bros. Entertainment Inc., Disney Enterprises, Inc. and The Muppets Studio, LLC, hereby demand a trial by jury of all issues so triable.

Dated: July 20, 2011

J. Andrew Coombs, A Professional Corp.

By: _____
J. Andrew Coombs
Nicole L. Drey
Attorneys for Plaintiffs Warner Bros.
Entertainment Inc., Disney Enterprises, Inc.
and The Muppets Studio, LLC

# EXHIBIT A

# WARNER BROS.' WORKS

| Copyright Registration Number: | Title of Work: | Author of Work: |
|---|---|---|
| RE 882-805 | Doc Savage: The Man of Bronze (1975) | Warner Bros. Entertainment Inc. |
| RE 811-078 | Pretty Maids All In A Row (1971) | Warner Bros. Entertainment Inc. |
| PA 502-182 | The Flash: Out of Control | Warner Bros. Entertainment Inc. |
| PA 502-182 | The Flash: Watching the Detectives | Warner Bros. Entertainment Inc. |
| PA 502-178 | The Flash: Honor Among Thieves | Warner Bros. Entertainment Inc. |
| PA 502-188 | The Flash: Double Vision | Warner Bros. Entertainment Inc. |
| PA 502-180 | The Flash: Sins of the Father | Warner Bros. Entertainment Inc. |
| PA 502-185 | The Flash: Child's Play | Warner Bros. Entertainment Inc. |
| PA 502-186 | The Flash: Shroud of Death | Warner Bros. Entertainment Inc. |
| PA 502-190 | The Flash: Ghost in the Machine | Warner Bros. Entertainment Inc. |
| PA 502-187 | The Flash: Sight Unseen | Warner Bros. Entertainment Inc. |
| PA 502-172 | The Flash: Beat the Clock | Warner Bros. Entertainment Inc. |
| PA 502-183 | The Flash: The Trickster | Warner Bros. Entertainment Inc. |
| PA 502-179 | The Flash: Tina, is That You | Warner Bros. Entertainment Inc. |
| PA 502-184 | The Flash: Be My Baby | Warner Bros. Entertainment Inc. |
| PA 502-173 | The Flash: Fast Forward | Warner Bros. Entertainment Inc. |
| PA 502-177 | The Flash: Deadly Nightshade | Warner Bros. Entertainment Inc. |
| PA 502-176 | The Flash: Captain Cold | Warner Bros. Entertainment Inc. |
| PA 502-189 | The Flash: Twin Streaks | Warner Bros. Entertainment Inc. |
| PA 502-174 | The Flash: Done with Mirrors | Warner Bros. Entertainment Inc. |
| PA 502-175 | The Flash: Goodnight, Central City | Warner Bros. Entertainment Inc. |
| PA 502-171 | The Flash: Alpha | Warner Bros. Entertainment Inc. |

| PA 502-170 | The Flash:<br>The Trial of the Trickster | Warner Bros.<br>Entertainment Inc. |
|---|---|---|
| PA 274-628 | Superman, 7 Exciting<br>Episodes! aka The New<br>Adventures of Superman | Warner Bros.<br>Entertainment Inc. |
| RE 594-733 | Speedy Gonzales:<br>Pancho's Hideaway | Warner Bros.<br>Entertainment Inc. |
| RE 594-730 | Speedy Gonzales:<br>Road to Andalay | Warner Bros.<br>Entertainment Inc. |
| RE 594-731 | Speedy Gonzales:<br>It's Nice to Have a Mouse<br>Around the House | Warner Bros.<br>Entertainment Inc. |
| RE 643-142 | Speedy Gonzales:<br>Cats and Bruises | Warner Bros.<br>Entertainment Inc. |
| RE 643-144 | Speedy Gonzales:<br>The Wild Chase | Warner Bros.<br>Entertainment Inc. |
| RE 643-143 | Speedy Gonzales:<br>Moby Duck | Warner Bros.<br>Entertainment Inc. |
| RE 643-140 | Speedy Gonzales:<br>Assault and Peppered | Warner Bros.<br>Entertainment Inc. |
| RE 643-145 | Speedy Gonzales:<br>Well Worn Daffy | Warner Bros.<br>Entertainment Inc. |
| RE 643-156 | Speedy Gonzales:<br>Chili Corn Corny | Warner Bros.<br>Entertainment Inc. |
| RE 643-157 | Speedy Gonzales:<br>Go Go Amigo | Warner Bros.<br>Entertainment Inc. |
| RE 643-160 | Speedy Gonzales:<br>Astroduck | Warner Bros.<br>Entertainment Inc. |
| RE 643-158 | Speedy Gonzales:<br>Mucho Locos | Warner Bros.<br>Entertainment Inc. |
| RE 676-808 | Speedy Gonzales:<br>Mexican Mousepiece | Warner Bros.<br>Entertainment Inc. |
| RE 676-806 | Speedy Gonzales:<br>Daffy Rents | Warner Bros.<br>Entertainment Inc. |
| RE 676-807 | Speedy Gonzales:<br>A Haunting We Will Go | Warner Bros.<br>Entertainment Inc. |
| RE 676-809 | Speedy Gonzales:<br>Snow Excuse | Warner Bros.<br>Entertainment Inc. |
| RE 676-811 | Speedy Gonzales:<br>A Squeak in the Deep | Warner Bros.<br>Entertainment Inc. |
| RE 676-810 | Speedy Gonzales:<br>Feather Finger | Warner Bros.<br>Entertainment Inc. |
| RE 676-812 | Speedy Gonzales:<br>Swing Ding Amigo | Warner Bros.<br>Entertainment Inc. |
| RE 676-814 | Speedy Gonzales:<br>A Taste of Catnip | Warner Bros.<br>Entertainment Inc. |

## EXHIBIT B

## WARNER BROS.' TRADEMARKS

| Trademark: | Mark Drawing Code: | Trademark Registration No.: | Trademark Registration Date: |
|---|---|---|---|
| WARNER BROS. | Typed Drawing | 1,026,466 | 12/2/75 |
| WB | Design Plus Words, Letters, and/or Numbers | 1,992,508 | 8/13/96 |
| WB | Design Plus Words, Letters, and/or Numbers | 1,916,148 | 9/5/95 |
| THE WB | Design Plus Words, Letters, and/or Numbers | 2,626,658 | 9/24/02 |
| THE WB | Design Plus Words, Letters, and/or Numbers | 1,971,247 | 4/30/96 |
| WB WARNER BROS. | Design Plus Words, Letters, and/or Numbers | 1,969,829 | 4/23/96 |
| WB WARNER BROS. | Design Plus Words, Letters, and/or Numbers | 0,680,457 | 6/16/59 |
| WB WARNER BROS. PICTURES INC. | Design Plus Words, Letters, and/or Numbers | 0,391,866 | 11/25/41 |
| WB WARNER BROS. TELEVISION | Design Plus Words, Letters, and/or Numbers | 2,017,816 | 11/19/96 |
| WB WARNER HOME VIDEO | Design Plus Words, Letters, and/or Numbers | 2,113,882 | 11/18/97 |
| WARNER HOME VIDEO | Design Plus Words, Letters, and/or Numbers | 1,228,267 | 2/22/83 |
| THE WB'S EASY VIEW | Typed Drawing | 3,038,865 | 1/10/06 |
| WB FAMILY ENTERTAINMENT | Design Plus Words, Letters, and/or Numbers | 1,914,630 | 8/29/95 |
| WB INTERACTIVE ENTERTAINMENT | Design Plus Words, Letters, and/or Numbers | 2,912,293 | 12/21/04 |
| WARNER PREMIERE | Standard Character Mark | 3,383,332 | 2/12/08 |
| WARNER PREMIERE | Standard Character Mark | 3,455,779 | 6/24/08 |
| WP WARNER PREMIERE | Design Plus Words, Letters, and/or Numbers | 3,389,519 | 2/26/08 |
| WP WARNER PREMIERE | Design Plus Words, Letters, | 3,450,210 | 6/17/08 |

| | | | |
|---|---|---|---|
| | and/or Numbers | | |
| WB RECORDS | Design Plus Words, Letters, and/or Numbers | 3,399,349 | 3/18/08 |
| WARNER BROS. SOUND EFFECTS LIBRARY | Typed Drawing | 1,978,089 | 6/4/96 |
| WI WARNER INDEPENDENT PICTURES | Design Plus Words, Letters, and/or Numbers | 3,064,440 | 2/28/06 |
| ACME | Typed Drawing | 2,862,993 | 7/13/04 |
| ACME COMMUNICATIONS | Typed Drawing | 2,659,944 | 12/10/02 |
| BEL AIR ENTERTAINMENT | Design Plus Words, Letters, and/or Numbers | 2,735,208 | 7/8/03 |
| CARTOON MONSOON | Typed Drawing | 2,833,336 | 4/13/04 |
| DVD DECISION | Typed Drawing | 3,056,160 | 1/31/06 |
| FLIX FROM THE FROG | Typed Drawing | 2,975,170 | 7/26/05 |
| IN2 TV | Design Plus Words, Letters, and/or Numbers | 3,309,058 | 10/9/07 |
| KIDS' WB! | Words, Letters, and/or Numbers in Stylized Form | 2,414,304 | 12/19/00 |
| KIDS' WB! | Design Plus Words, Letters, and/or Numbers | 2,939,416 | 4/12/05 |
| KIDS' WB! | Design Plus Words, Letters, and/or Numbers | 2,002,980 | 9/24/96 |
| MOVIES THAT POP | Standard Character Mark | 3,331,533 | 11/6/07 |
| PLATINUM SERIES | Typed Drawing | 1,914,657 | 8/29/95 |
| PREMIERE COLLECTION | Typed Drawing | 3,087,859 | 5/2/06 |
| T TELEPICTURES PRODUCTIONS | Design Plus Words, Letters, and/or Numbers | 1,999,334 | 9/10/96 |

# EXHIBIT C

## DISNEY'S WORKS

| Copyright Registration: | Title of Work: | Author of Work: |
|---|---|---|
| R 557922 | Song of the South | Disney Enterprises, Inc. |
| PA 141-442 | Tron | Disney Enterprises, Inc. |
| RE 571-202; RE 571-203; RE 571-204 | Dr. Syn: The Scarecrow of Romney Marsh | Disney Enterprises, Inc. |
| PA 286-102 | Adventures of the Gummi Bears: A New Beginning | Disney Enterprises, Inc. |
| PA 286-094 | Adventures of the Gummi Bears: The Sinister Sculptor/Zummi Makes It Hot | Disney Enterprises, Inc. |
| PA 286-094 | Adventures of the Gummi Bears: Someday My Prints Will Come/Can I Keep Him? | Disney Enterprises, Inc. |
| PA 286-101 | Adventures of the Gummi Bears: A Gummi in a Gilded Cage | Disney Enterprises, Inc. |
| PA 286-093 | Adventures of the Gummi Bears: The Oracle/When You Wish Upon a Stone | Disney Enterprises, Inc. |
| PA 286-097 | Adventures of the Gummi Bears: A Gummi by Any Other Name | Disney Enterprises, Inc. |
| PA 286-099 | Adventures of the Gummi Bears: Loopy, Go Home/A-Hunting We Will Go | Disney Enterprises, Inc. |
| PA 286-100 | Adventures of the Gummi Bears: The Fence Sitter/Night of the Gargoyle | Disney Enterprises, Inc. |
| PA 286-095 | Adventures of the Gummi Bears: The Secret of the Juice | Disney Enterprises, Inc. |
| PA 286-104 | Adventures of the Gummi Bears: Sweet and Sour Gruffi/Duel of the Wizards | Disney Enterprises, Inc. |
| PA 286-091 | Adventures of the Gummi Bears: What You See Is Me/Toadie's Wild Ride | Disney Enterprises, Inc. |
| PA 286-092 | Adventures of the Gummi Bears: Bubble Trouble/Gummi in a Strange Land | Disney Enterprises, Inc. |
| PA 286-103 | Adventures of the Gummi Bears: Light Makes Right | Disney Enterprises, Inc. |
| PA 310-591 | Adventures of the Gummi Bears: Up, Up, and Away | Disney Enterprises, Inc. |
| PA 311-063 | Adventures of the Gummi Bears: Faster Than a Speeding Tummi | Disney Enterprises, Inc. |

| PA 311-064 | Adventures of the Gummi Bears: For a Few Sovereigns More | Disney Enterprises, Inc. |
|---|---|---|
| PA 311-065 | Adventures of the Gummi Bears: Over the River and Through the Trolls | Disney Enterprises, Inc. |
| PA 310-590 | Adventures of the Gummi Bears: You Snooze, You Lose | Disney Enterprises, Inc. |
| PA 311-072 | Adventures of the Gummi Bears: The Crimson Avenger | Disney Enterprises, Inc. |
| PA 312-016 | Adventures of the Gummi Bears: A Hard Dazed Knight | Disney Enterprises, Inc. |
| PA 312-048 | Adventures of the Gummi Bears: Do Unto Ogres | Disney Enterprises, Inc. |
| PA 312-050 | Adventures of the Gummi Bears: For Whom the Spell Holds | Disney Enterprises, Inc. |
| PA 313-552 | Adventures of the Gummi Bears: Little Bears Lost | Disney Enterprises, Inc. |
| PA 317-129 | Adventures of the Gummi Bears: Guess Who's Gumming to Dinner? | Disney Enterprises, Inc. |
| PA 317-130 | Adventures of the Gummi Bears: My Gummi Lies Over the Ocean | Disney Enterprises, Inc. |
| PA 1-149-375 | Adventures of the Gummi Bears: Too Many Cooks/Just a Tad Smarter | Disney Enterprises, Inc. |
| PA 1-125-855 | Adventures of the Gummi Bears: If I Were You/Eye of the Beholder | Disney Enterprises, Inc. |
| PA 1-110-863 | Adventures of the Gummi Bears: Day of the Beevilweevils | Disney Enterprises, Inc. |
| PA 1-125-810 | Adventures of the Gummi Bears: Water Way to Go | Disney Enterprises, Inc. |
| PA 1-110-863 | Adventures of the Gummi Bears: Water Way to Go/Close Encounters of the Gummi Kind | Disney Enterprises, Inc. |
| PA 1-119-694 | Adventures of the Gummi Bears: Close Encounters of the Gummi Kind | Disney Enterprises, Inc. |
| PA 1-125-811 | Adventures of the Gummi Bears: Snows Your Old Man | Disney Enterprises, Inc. |
| PA 1-118-780 | Adventures of the Gummi Bears: Boggling the Bears | Disney Enterprises, Inc. |
| PA 1-114-313 | Adventures of the Gummi Bears: The Knights of Gummadoon | Disney Enterprises, Inc. |
| PA 1-118-758 | Adventures of the Gummi Bears: Mirthy Me | Disney Enterprises, Inc. |
| PA 1-112-812 | Adventures of the Gummi Bears: Gummi Dearest | Disney Enterprises, Inc. |

# EXHIBIT D

## DISNEY'S TRADEMARKS

| Trademark | Mark Drawing Code | Trademark Registration No. | Trademark Registration Date |
|---|---|---|---|
| WALT DISNEY | Typed Drawing | 1,267,000 | 11/22/83 |
| WALT DISNEY | Standard Character Mark | 3,917,336 | 2/8/11 |
| WALT DISNEY | Standard Character Mark | Serial Number 77,225,318 | n/a |
| WALT DISNEY PRESENTS | Words, Letters, and/or Numbers in Stylized Form | 0,826,419 | 3/28/67 |
| CASTLE DEVICE | Design Only | Serial Number 77,154,442 | n/a |
| BUENA VISTA HOME ENTERTAINMENT | Standard Character Mark | 3,946,630 | 4/19/11 |
| BUENA VISTA | Typed Drawing | 1,570,700 | 12/12/89 |
| VISTA SERIES | Typed Drawing | 2,805,355 | 1/13/04 |
| TOUCHSTONE | Typed Drawing | 1,536,119 | 5/31/88 |
| TOUCHSTONE | Design Plus Words, Letters, and/or Numbers | 3,588,875 | 3/10/09 |
| TOUCHSTONE | Typed Drawing | 1,539,650 | 5/16/89 |
| TOUCHSTONE | Design Plus Words, Letters, and/or Numbers | 1,534,696 | 4/11/89 |
| CIRCLE DEVICE | Design Only | 1,322,622 | 2/26/85 |
| DISNEY | Typed Drawing | 2,888,282 | 9/28/04 |
| DISNEY | Typed Drawing | 3,235,413 | 4/24/07 |
| DISNEY | Typed Drawing | 3,410,201 | 4/8/08 |
| DISNEY | Standard Character Mark | Serial Number 77,098,343 | n/a |

| | | | |
|---|---|---|---|
| D DISNEY FAMILY MOVIES | Design Plus Words, Letters, and/or Numbers | 3,764,357 | 3/23/10 |
| DISNEY DVD IMAGINE, LAUGH & LEARN | Standard Character Mark | 3,512,512 | 10/7/08 |
| DISNEY FAIRIES | Standard Character Mark | 3,532,716 | 11/11/08 |
| DISNEY'S FAST PLAY | Design Plus Words, Letters and/or Numbers | 3,197,261 | 1/9/07 |
| DISNEY'S HOLLYWOOD STUDIOS | Standard Character Mark | Serial Number 77,247,032 | n/a |
| DISNEY IMAGINATION | Standard Character Mark | Serial Number 77,722,264 | n/a |
| DISNEY JUNIOR | Standard Character Mark | Serial Number 85,154,260 | n/a |
| DISNEY JUNIOR | Design Plus Words, Letters, and/or Numbers | Serial Number 85,058,885 | n/a |
| DISNEY MAGIC CONNECTION | Standard Character Mark | Serial Number 77,287,627 | n/a |
| DISNEY MANIA | Standard Character Mark | 3,687,985 | 7/14/09 |
| DISNEYNATURE | Standard Character Mark | 3,835,650 | 8/17/10 |
| DISNEYNATURE | Standard Character Mark | 3,870,914 | 11/2/10 |
| DISNEY PRINCESS | Standard Character Mark | 3,577,933 | 2/17/09 |
| DISNEY SPOTLIGHT | Standard Character Mark | Serial Number 85,307,725 | n/a |
| DISNEY STAR | Standard Character Mark | Serial Number 77,608,335 | n/a |
| DISNEY STUDIO ALL ACCESS | Standard Character Mark | Serial Number 85,170,654 | n/a |
| DISNEY STYLE | Standard Character Mark | Serial Number 85,035,726 | n/a |
| DISNEY XD | Design Plus Words, Letters, and/or Numbers | Serial Number 77,478,247 | n/a |
| DISNEY XD | Words, Letters, and/or Numbers in Stylized Form | 3,778,757 | 4/20/10 |
| DISNEY XD | Standard Character Mark | 3,779,166 | 4/20/10 |

| | | | |
|---|---|---|---|
| DISNEY XD | Words, Letters, and/or Numbers in Stylized Form | 3,761,634 | 3/16/10 |
| DXD | Standard Character Mark | 3,705,751 | 11/3/09 |
| XD | Standard Character Mark | 3,782,344 | 4/27/10 |
| HOUSE OF MOUSE | Typed Drawing | 2,565,232 | 4/30/02 |
| MICKEY MOUSE CLUB | Typed Drawing | 2,278,297 | 9/14/99 |
| TOON DISNEY | Typed Drawing | 2,457,669 | 6/5/01 |
| WALT DISNEY FAMILY FOUNDATION | Standard Character Mark | Serial Number 77,608,719 | n/a |
| WALT DISNEY FAMILY FOUNDATION MEDIA | Standard Character Mark | Serial Number 77,608,742 | n/a |
| WALT DISNEY FAMILY MUSEUM | Standard Character Mark | 3,886,911 | 12/7/10 |
| WALT DISNEY FAMILY MUSEUM | Standard Character Mark | 3,904,845 | 1/11/11 |
| MOVIES. MAGIC. MORE. | Standard Character Mark | Serial Number 77,237,775 | n/a |
| MOVIES. MAGIC. MORE. | Standard Character Mark | Serial Number 77,237,789 | n/a |
| THE DISNEY CHANNEL | Typed Drawing | 1,343,334 | 6/18/85 |

# EXHIBIT E

## MUPPETS' WORKS

| Copyright Registration Number: | Title of Work: | Author of Work: |
|---|---|---|
| PA 240-375 | Muppet Babies: Gonzo's Video Show | The Muppet Studio, LLC |
| PA 239-179 | Muppet Babies: Good, Clean Fun | The Muppet Studio, LLC |
| PA 277-234 | Muppet Babies: Snow White and The Seven Muppets | The Muppet Studio, LLC |
| PA 276-828 | Muppet Babies: I Want My Muppet TV | The Muppet Studio, LLC |
| PA 317-034 | Muppet Babies: Kermit Goes to Washington | The Muppet Studio, LLC |
| PA 408-117 | Muppet Babies: My Muppet Valentine | The Muppet Studio, LLC |
| PAu 1-230-649 | Muppet Babies: Six to Eight Weeks | The Muppet Studio, LLC |

# EXHIBIT F

## MUPPETS' TRADEMARKS

| Trademark: | Mark Drawing Code: | Trademark Registration No.: | Trademark Registration Date: |
|---|---|---|---|
| MUPPETS | Standard Character Mark | 3,211,969 | 2/20/07 |
| MUPPETS | Standard Character Mark | 3,185,469 | 12/19/06 |
| MUPPETS | Standard Character Mark | 3,773,542 | 4/6/10 |
| MUPPETS | Standard Character Mark | Serial Number 77,892,766 | n/a |
| MUPPETS | Typed Drawing | 0,949,135 | 12/19/72 |
| THE MUPPET SHOW | Standard Character Mark | Serial Number 77,882,285 | n/a |
| THE MUPPET SHOW | Typed Drawing | 1,127,688 | 12/11/79 |
| MUPPET FEST | Standard Character Mark | Serial Number 77,746,000 | n/a |
| BEAR IN THE BIG BLUE HOUSE | Design Plus Words, Letters and/or Numbers | 3,228,908 | 4/10/07 |
| BEAR IN THE BIG BLUE HOUSE | Design Plus Words, Letters and/or Numbers | 3,477,981 | 7/29/08 |
| BEAR IN THE BIG BLUE HOUSE | Standard Character Mark | 3,477,980 | 7/29/08 |
| BEAR IN THE BIG BLUE HOUSE | Typed Drawing | 2,411,459 | 12/5/00 |
| BEAR IN THE BIG BLUE HOUSE | Standard Character Mark | 3,214,156 | 2/27/07 |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV11- 6019 SVW (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

═══════════════════════════════════════════════════════

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

J. Andrew Coombs  (SBN 123881)
Nicole L. Drey (SBN 250235)
J. Andrew Coombs, A P. C.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone:  (818) 500-3200
Facsimile:  (818) 500-3201

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Warner Bros. Entertainment Inc. (see attachment) | CASE NUMBER: CV11 - 06019 SVW (FMOx) |
| Plaintiff(s) | |
| v. | |
| Danny Garcia (see attachment) | **SUMMONS** |
| Defendant(s) | |

TO:    THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
J. Andrew Coombs _____, whose address is:

J. Andrew Coombs, A P. C. .
517 E. Wilson Ave., Suite 202
Glendale, California 91206

an answer to the ☒ complaint   ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim
which is herewith served upon you within ___21___ days after service of this Summons upon you, exclusive
of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief
demanded in the complaint.

CLERK, U.S. DISTRICT COURT

**JULIE PRADO**

Date:    JUL 2 1 2011

By: _____
Deputy Clerk

*(Seal of the Court)*

**SUMMONS**

## <u>SUMMONS ATTACHMENT</u>

Warner Bros. Entertainment Inc., Disney Enterprises, Inc., and The Muppets Studio, LLC,

Plaintiffs,

v.

Danny Garcia; Albert Martinez, an individual and d/b/a Remember Me DVD and www.rememberme-dvd.com and Does 1 through 10, inclusive,

Defendants.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Warner Bros. Entertainment Inc., Disney Enterprises, Inc., and The Muppets Studio, LLC

**DEFENDANTS**
Danny Garcia; Albert Martinez, an individual and d/b/a Remember Me DVD and www.rememberme-dvd.com and Does 1 through 10, inclusive

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Los Angeles

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
J. Andrew Coombs (SBN 123881) / Nicole L. Drey (SBN 250235)
J. Andrew Coombs, A Professional Corporation
517 E. Wilson Ave., Suite 202
Glendale, California 91206 / Telephone: (818) 500-3200

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No        ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright Infringement 17 U.S.C. §§ 101 et seq.

---

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | **REAL PROPERTY** | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

---

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed?   ☒ No   ☐ Yes

If yes, list case number(s):        CV11-06019     COPY

**FOR OFFICE USE ONLY:**     Case Number:

---

CV-71 (07/05)                    CIVIL COVER SHEET                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.   Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.   Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.   For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.   Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Los Angeles

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

Los Angeles (All Defendants)

**List the California County,** or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.

Los Angeles

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Nicole L Dey_          Date _7/20/11_

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |